IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 17-CR-00339-PAB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

GIAVANNI EDWARD MILES,

     Defendant.

---

# FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS FOR ORDER OF DETENTION

---

     This matter is before the court for detention hearing on October 18, 2017. The court has taken judicial notice of the court's file and the pretrial services report. In addition, the court has considered the proffers by the defendant and the government.

     In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

     If there is probable cause to believe that the defendant committed an offense

which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file, and have considered the proffers by the government and

defense counsel and the arguments of counsel.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in Counts 1 and 3 in the Indictment with Theft of Firearms from a Federal Firearms Licensee in violation of 18 U.S.C. § 922(u) and in Counts 2 and 4 with Possession of Stolen Firearms in violation of 18 U.S.C. 922(j).

Second, based upon the Indictment, I find probable cause exists as to the above listed charges.

Third, I find that nature of the charges in this case involve theft and possession of stolen firearms from a Federal Firearms Licensee.

Fourth, I find that defendant is unemployed. Defendant has been in custody of the Denver County Jail since April 2017.  Defendant has no assets.  Defendant has admitted that he never has had a relationship with his mother and that he hasn't spoken to his father for at least eight months.  The whereabouts of defendant's parents is unknown.  Defendant's Colorado driver's license is revoked. Defendant has used at least one alias name ["No Lack"] and at least one alias date of birth in the past. Defendant has admitted using marijuana daily since age 18 and defendant is currently age 21.  Defendant has suffered one prior failure to appear and one prior failure to comply with bond both resulting in warrants being issued.

Fifth, I find that the defendant has suffered **juvenile adjudications** for Attempting Menacing (felony); Theft Under $500 (misdeamnor); Robbery (felony); Theft from a Person (felony); and Second Degree Aggravated Motion Vehicle Theft $1,000-$20,000 (felony).  Defendant has suffered **adult convictions** for Harassment Strike/Shove/Kick (misdemeanor) and unsafe and defective vehicle.  Defendant's juvenile probation has been revoked once in the past.  Defendant has three pending felony cases: **(1)** Denver County District Court, Case No. 17-cr-2400 where defendant is charged with two counts of Possession of Weapon by a Previous Juvenile Offender-Burglary (felonies) and with two counts of Possession of a Weapon by a Previous Juvenile Offender - Any Prior Felony (felonies); **(2)** Arapahoe County District Court,

Case No. 17-cr-1244 where defendant is charged with eight counts of Aggravated Robbery (felonies); and **(3)** Adams County District Court, Case No. 17-cr-2319 where defendant is charged with Aggravated Robbery (felony).  Lastly, the defendant is not contesting detention.

In light of these facts, I find, by clear and convincing evidence, that defendant is both a flight risk and a danger to the community and that no condition or combination of conditions of release will reasonably assure his presence in court and the safety of the community.  Accordingly, I order that the defendant be detained without bond.

Done this 18th day of October 2017.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge